DUFRESNE, Justice Pro Tem.*
Defendant was charged by bill of information with attempted second degree murder (La.R.S. 14:27/30.1). He pleaded not guilty but withdrew his former plea and pursuant to a plea bargain, pleaded guilty to one count of aggravated battery (R.S. 14:34) and one count of second degree battery (R.S. 14:34.1). He was sentenced to serve ten (10) years at hard labor for aggravated battery, and five years at hard labor for second degree battery, the sentences to run concurrently. Although the defendant entered a plea of guilty pursuant to plea discussions, he now argues that the sentence imposed was excessive and that there were inadequate supporting reasons.
According to the pre-sentence investigation report, the defendant indicated he and his younger brother were in the Rockhouse Club No. 2 in Collinston, Louisiana on New Year’s Eve night, 1980 when an argument ensued between his brother and Don Earl Penn. Defendant dragged his brother out of the club," but his brother took Penn’s overcoat with him. Once outside, his brother took a cigarette lighter and burned a large hole in the coat. When Penn came outside, another argument started and in its course the defendant, armed with a .25 caliber pistol, shot the unarmed victim, Don Penn, four times, striking him in the arms, chest and stomach.
From a review of the record, the trial judge gave adequate consideration to the sentencing guidelines. Review should therefore focus on whether the trial court’s large discretion in sentencing has been abused. State v. Spencer, 374 So.2d 1195 (La.1979).
The defendant is a first offender. However, he was originally charged with attempted second degree murder, an offense for which he could have received up to 50 years. The record also reflects that he had a .25 caliber automatic pistol with him and that he shot the victim four times.
The sentence is therefore not so disproportionate to the crime as to shock the court’s sense of justice. State v. Bonanno, 384 So.2d 355, 358 (La.1980). The trial court has not abused its great discretion in sentencing.
The defendant’s assignments of error have no merit.
The conviction and sentence of the defendant are affirmed.
AFFIRMED.

 Judges Nestor L. Currault, Jr., and Fred S. Bowes of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr. and Jack Crozier Watson.