528 So.2d 215 (1988)
STATE of Louisiana
v.
Alvaro VILLAVICENCIO.
No. KA-9005.
Court of Appeal of Louisiana, Fourth Circuit.
June 21, 1988.
Harry F. Connick, Dist. Atty., R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, for plaintiff.
Frank G. Desalvo, Tilden H. Greenbaum, III, New Orleans, for defendant.
Before BARRY, CIACCIO and PLOTKIN, JJ.
BARRY, Judge.
The defendant was charged with attempted second degree murder and convicted of aggravated battery. La.R.S. 14:34. After a pre-sentence investigation he was sentenced to ten years at hard labor with credit for time served.
Jaime Kirkland, a cook at Shanahan's restaurant/bar, testified that during the early morning hours on March 14, 1986 the defendant and another man ordered hamburgers and french fries. While they waited both men squirted ketchup all over the bar and one of the men threw an ashtray.
*216 Kevin McCaffery, a manager, testified he saw the defendant squirt ketchup, mustard and mayonaise while he was eating. McCaffery and Ridgeley Schaumberg, the doorman, told the defendant to leave the premises and they escorted him to the door.
Schaumberg said the defendant returned a few minutes later and Kirkland called for him to pick up the french fries. The defendant pointed a gun at Kirkland and he grabbed it. Schaumberg tackled the defendant and they wrestled to the floor. The defendant stuck the gun (.357 magnum) in Schaumberg's stomach and with a grin pulled the trigger, then ran out as Schaumberg slumped.
Etienne De Felice, Shanahan's disc jockey, testified he heard the gunshot and ran out with Brian McNulty, a manager, and saw the defendant running across Claiborne Avenue. They got in McNulty's car and while on the Tulane campus spotted the defendant and chased him. Brian fired one warning shot and De Felice grabbed the defendant.
Officer Lejarza and his partner responded to the incident. He testified there was a shot, three white males were running, and he eventually found the defendant on the ground with a man holding a gun on him. Officer Lejarza handcuffed the defendant, but found no weapon. He took the defendant back to the scene and conducted an investigation. Chris Grand, a bartender, pointed out the defendant's automobile in Shanahan's parking lot from which the police seized a loaded .22 caliber rifle and bullets plus .357 Magnum bullets, all of which were identified in court.
Schaumberg testified that as a result of the gunshot he lost a kidney, half of his colon, portions of his stomach and intestines, and his pancreas and left lung were damaged.
The defendant testified he returned to Shanahan's to get his friend who had driven him there; however, he later admitted he had driven his own car. He said he was carrying the loaded .357 magnum because he originally planned to go to target practice. He was not sure if the gun had hollow-point copper jacket bullets similar to those seized from his car. He claimed he pulled the gun on the cook to make him back off and it went off accidentally. He denied knowledge that anyone had been shot and said he threw the gun away outside the bar. Two character witnesses also testified.
The defendant assigns as error: (1) and (2) denial of his motion in limine and the introduction and testimony relative to the rifle and bullets found in his car; (3) failure to comply with the sentencing guidelines; (4) consideration of his illegal alien status; and (5) excessive sentence.

ASSIGNMENTS (1) AND (2)
The defendant's motion in limine sought to prohibit any reference to: (1) his having a rifle outside Shanahan's prior to the incident; (2) the extent of the victim's injuries; (3) his nationality. The trial court granted # 3, but denied # 1 and 2. Although # 1 was denied, there was no testimony concerning the defendant being outside the restaurant with a rifle.
Before the bartender testified that he told the police he saw a gunrack and rifle in the defendant's car, defense counsel renewed his motion in limine which was again denied. Thereafter, defense counsel made a continuing objection and re-urged the motion. We are satisfied that denial of the motion in limine did not cause prejudice. Testimony about the rifle and .22 caliber ammunition and their introduction is more problematic.
Before demonstrative evidence can be admitted it must be shown that, more probably than not, the evidence is connected to the case. Once a foundation is established by identification or the chain of custody, the weight to be given to the evidence is a matter for the jury. State v. Landry, 388 So.2d 699 (La.1980), cert. denied 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981). See State v. Bryant, 351 So.2d 1188 (La.1977).
Photographs showing the car's interior with the rifle and ammunition were identified by Grand and Officer Lejarza. The State asked Officer Lejarza about a *217 photo of a bag containing the rifle (which the defense stipulated was the rifle taken from the defendant's car) and he said the the rifle was loaded and then identified a box containing .22 and .357 bullets. Over objection the State introduced the photographs, rifle, and bullets. The bullet taken from the victim's body and his medical records were admitted without objection.
We find it was error to admit the rifle and .22 bullets because that evidence was not relevant to the shooting. A jury could infer a connection from the nature of such evidence. State v. Landry, supra. Because potential prejudice may outweigh any probative value, the trial court flirts with prejudicial error by admitting such evidence. State v. Manieri, 378 So.2d 931 (La.1979).
In State v. Landry, supra, a pocket knife found on the defendant at the time of his arrest was admitted into evidence. The witnesses testified the weapon was a long, folding "buck" knife. The coroner stated the wound had been inflicted by a 5" to 6" blade. There was no attempt to connect the pocket knife with the homicide and no exploitation of its admission. The Supreme Court found error, but held reversal of the conviction was not warranted. The Court reasoned there was little possibility the jury inferred that the knife was associated with the fatal stabbing.
In State v. Manieri, supra, three knives were introduced that were similar to the one used in the murder and were in the victim's residence. A state witness testified the three knives were not the murder weapon. Because no effort was made to connect the knives with the accused or the crime, the Supreme Court held there was no reversible error due to the limited possibility that the jurors associated the defendants with the knives.
Officer Lejarza testified the rifle and bullets were removed from the defendant's car immediately after the shooting. The State did not suggest the rifle was used in the crime. After the State rested the defendant testified that his .357 magnum fired during his struggle with Schaumberg.
The State did not attempt to link the rifle and .22 caliber bullets with the shooting. The critical evidence concerned the .357 magnum plus the overwhelming eyewitness testimony. Under the rationale of Landry and Manieri we find the rifle and .22 caliber bullets were immaterial and their introduction did not constitute reversible error. La.C.Cr.P. Art. 921.

ASSIGNMENTS (3), (4) AND (5)
La. Const. Art. I, § 20 prohibits the imposition of excessive punishment. A sentence is considered excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
The trial court's reasons as required by La.C.Cr.P. Art. 894.1 are an important aid to this Court in reviewing an allegedly excessive sentence. State v. Cann, 471 So.2d 701 (La.1985). A trial court has wide discretion to impose a sentence within statutory limits. A sentence should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Sweeney, 443 So.2d 522 (La.1983).
The trial court ordered a pre-sentence investigation and imposed the maximum ten (10) years at hard labor with credit for time served. The judge stated he perused the sentencing guidelines, read the PSI report, and concluded that no other sentence was appropriate. The court said a lesser sentence would deprecate the seriousness of the crime based on facts which were mostly uncontroverted. The judge found no provocation by the victim.
The court noted that the defendant was an illegal alien and said "not that it makes that much difference at this time." The judge added that he would have given a greater sentence if possible:
I would add that if I could give more years, I would give more years. I believe that the defendant was very, very lucky in receiving a lesser verdict in this case.... But never in my five years on *218 the bench was I more sure of a correct sentence than in this particular one.
The trial court substantially complied with La.C.Cr.P. Art. 894.1 and considered all factors. Maximum sentences are appropriate in cases involving more serious violations. State v. Jones, 398 So.2d 1049 (La.1981).
Although the defendant was given the maximum for aggravated battery, he was originally charged with attempted second degree murder and could have received up to 50 years. The victim was critically injured and has life-threatening permanent damage. We find no abuse of the trial court's sentencing discretion.
Defense counsel argued that the four months it took to receive the PSI report denied his client good time for that period. However, the court noted that counsel did not object when the pre-sentence investigation was ordered. Counsel inferred the court had made up its mind prior to receiving the report. The trial judge replied that he told counsel the defendant would receive a lengthy sentence unless the PSI specified mitigating factors. The court noted that the PSI reiterated the victim's serious injuries and did not recommend probation.
In State v. Stucke, 419 So.2d 939 (La. 1982), a first felony offender's maximum sentence of ten years for aggravated battery was upheld when the defendant was originally charged with attempted second degree murder. See also State v. Williams, 412 So.2d 590 (La.1982).
We conclude the record clearly supports the ten year sentence. There are no errors patent. The conviction and sentence are affirmed.
AFFIRMED