598 So.2d 1299 (1992)
STATE of Louisiana
v.
David W. GUILLORY.
CR No. 91-998.
Court of Appeal of Louisiana, Third Circuit.
May 12, 1992.
Ron Ware, Public Defender Office, Lake Charles, for defendant.
Paul Reggie, Asst. Dist. Atty., Lake Charles, for appellee.
Before GUIDRY, STOKER and CULPEPPER[*], JJ.
STOKER, Judge.
On January 29, 1991, the defendant was charged by bill of indictment with three (3) counts of vehicular homicide in violation of La.R.S. 14:32.1. He subsequently pled guilty on June 19, 1991. The State filed a habitual offender bill on June 21, 1991, requesting the defendant be sentenced under La.R.S. 15:529.1 as a second felony offender based upon a June 20, 1988, conviction of possession of marijuana with intent to distribute. The defendant pled guilty to being a habitual offender on June 21, 1991. On July 24, 1991, the trial court sentenced the defendant to serve twenty *1300 (20) years imprisonment with the Department of Corrections on each of the three (3) counts, all to run concurrently. The defendant appeals alleging that his sentence is excessive and that the trial court erred in failing to adequately articulate the reasons for sentence and the factual basis thereof. The defendant did not brief the assignment of error alleging the trial court erred in failing to articulate the reasons for sentence. Thus, it is deemed abandoned. Uniform RulesCourt of Appeal, Rule 2-12.4.
A review of the record for errors patent reveals that defendant was sentenced as a multiple offender on all three vehicular homicide convictions. However, the three convictions arise from a single automobile accident. Because convictions on more than one count entered on the same date for offenses arising out of one criminal episode, should be treated as only one conviction when applying the habitual offender law, the trial judge erred in sentencing the defendant as a multiple offender on all three counts. State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991); State v. Williams, 522 So.2d 1171 (La.App. 4th Cir. 1988).
Therefore, the adjudications and sentences of defendant under the habitual offender statute must be set aside and the case remanded to the district court for resentencing on all three convictions, with adjudication and sentencing as a habitual offender on only one of the convictions. State ex rel. Porter v. Butler, supra.
Because we will remand this matter for resentencing for the reasons given above, we will not address the defendant's argument that the sentences imposed were excessive under the peculiar circumstances presented by the facts. The defendant may again urge excessiveness of the sentences if, upon resentencing, he wishes to again appeal, and all rights are reserved to him in this regard.

CONCLUSION
For the reasons given, defendant's sentences are vacated. The case is remanded for resentencing on all three convictions, with adjudication and sentencing as a habitual offender on only one of the convictions and with credit for prior custody.
SENTENCES VACATED; REMANDED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.