STOKER, Judge.
In January of 1991, the defendant, David Guillory, was charged by bill of indictment with three counts of vehicular homicide in violation of LSA-R.S. 14:32.1. He subsequently pled guilty on June 19, 1991. The State filed an habitual offender bill on June 21, 1991, requesting the defendant be sentenced under LSA-R.S. 15:529.1 as a second felony offender based upon a June 20, 1988, conviction of possession of marijuana with intent to distribute. The defendant pled guilty to being an habitual offender on June 21, 1991. On July 24, 1991, the trial court sentenced the defendant to serve twenty years on each of the three counts, all to run concurrently. The defendant appealed, alleging that his sentence was excessive and that the trial court erred in failing to adequately articulate the reasons for sentence and the factual basis thereof. In State v. Guillory, 598 So.2d 1299 (La.App. 3d Cir.1992), this court recognized an error patent and vacated defendant's sentences and remanded the case for resen-tencing on all three convictions, with adjudication and sentencing as an habitual offender on only one of the convictions. We took this action due to the trial judge’s error in sentencing the defendant as a multiple offender on all three vehicular homicide convictions, which should only have been treated as one conviction when applying the habitual offender law. See State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991).
On May 29, 1992, the defendant was re-sentenced pursuant to this court’s order. Defendant was resentenced to serve fifteen years on each count of vehicular homicide to run concurrently; count one was to be served without benefit of probation or suspension of sentence. Defendant filed a Motion to Reconsider Sentence on June 30, 1992, in which he alleged that the sentence imposed was cruel, unusual and excessive. Defendant’s request was denied on July 29, 1992. Defendant now appeals his resen-tencing.
OPINION
Defendant was resentenced on May 29, 1992, after the effective date of the Louisiana Sentencing Guidelines promulgated by the Louisiana Sentencing Commission. Accordingly, the trial judge should have considered the guidelines. State v. Husband, 593 So.2d 1257 (La.1992); State v. Blue, 591 So.2d 1172 (La.1992). There is no indication in the record that the trial court considered the guidelines.
LSA-C.Cr.P. art. 894.1(A) provides:
“A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.”
(Emphasis added.)
This article clearly mandates that the trial judge consider the sentencing guidelines in determining the appropriate sentence to impose when a defendant has been convicted of a felony. Since the record does not indicate that the trial court considered the guidelines in imposing the sentences on the three counts of vehicular homicide, we must vacate the sentences and remand for resentencing on each count.
LSA-C.Cr.P. art. 881.4(A) provides:
“A. If the appellate court finds that a sentence must be set aside on any *153 ground, the court shall remand for resen-tence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.”
Given the fact that we are remanding this case for a second time for resentenc-ing, and the courts are just beginning to gain experience in applying the guidelines, we think it appropriate to make some observations which occur to us. Having given some consideration to the possible sentencing range which the defendant’s prior criminal history might justify, we foresee the necessity of drawing attention to the provisions of La.S.G. § 309(B) which provides:
“B. Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.” (Emphasis supplied.)
Under the Habitual Offender Law, LSA-R.S. 15:529.1, the minimum sentence which could be imposed is seven and one-half years. See LSA-R.S. 14:32.1 and LSA-R.S. 15:529.1A(1). If the trial court concludes that it may legally and appropriately take into consideration a theft defendant admitted he committed as a juvenile, the indicated unenhanced sentencing range might exceed seven and one-half years. Literally applied, La.S.G. § 309(B) would control. See State v. Smith, 610 So.2d 152 (La.App. 4th Cir.1992). However, the guideline provision quoted above does provide that the trial judge may impose a more severe sentence if such is justified by aggravating circumstances. (We do not suggest that there are aggravating circumstances, and La.S.G. 209(B)11 of the guidelines provides that involvement of multiple victims where separate sentences are imposed does not constitute an aggravating circumstance.)
We further note that the sentencing guidelines set forth a method for departure from the designated sentencing range. When departing from the designated sentencing range, the court shall pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history and state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor. Reasons for departure from the designated sentence range are appropriate only when such reasons are based on mitigating or aggravating circumstances. La.S.G. § 209. See also LSA-C.Cr.P. art. 894.1(C).
DISPOSITION
For the foregoing reasons, we vacate the sentences on the three counts of vehicular homicide and remand for resentencing on each count. We direct the trial judge to consider the new sentencing guidelines.
SENTENCES VACATED AND CASE REMANDED.