640 So.2d 427 (1994)
STATE of Louisiana
v.
David GUILLORY, Defendant-Appellant.
No. CR93-1031.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1994.
Writ Denied September 30, 1994.
Paul Peter Reggie, for the State.
Ronald F. Ware, for David Guillory.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
This case is before us for the third time, following two remands. See, State v. Guillory, 598 So.2d 1299 (La.App. 3d Cir.1992) and State v. Guillory, 617 So.2d 151 (La.App. 3d Cir.1993). On January 24, 1991, defendant, David Guillory, was charged by bill of indictment with three counts of vehicular homicide, in violation of LSA-R.S. 14:32.1. He subsequently pled guilty on June 19, 1991. The state filed a habitual offender bill on June 21, 1991, requesting the defendant be sentenced under LSA-R.S. 15:529.1 as a second felony offender based upon his prior conviction on June 20, 1988, for possession of marijuana with intent to distribute. The defendant pled guilty to being a habitual offender on June 21, 1991. On July 24, 1991, the trial court sentenced the defendant to serve twenty (20) years on each of the three (3) counts, all to run concurrently. The defendant appealed, alleging that his sentence was excessive and that the trial court erred in failing to adequately articulate the reasons for sentence and the factual basis thereof. In State v. Guillory, 598 So.2d 1299 (La.App. 3d Cir. 1992), this court recognized an error patent and vacated defendant's sentences and remanded the case for resentencing on all three (3) convictions, with adjudication and sentencing as a habitual offender on only one *428 of the convictions. This court took this action due to the trial judge's error in sentencing the defendant as a multiple offender on all three vehicular homicide convictions, which should have only been treated as one conviction when applying the habitual offender law.
On May 29, 1992, the defendant was resentenced pursuant to this court's order. Defendant was resentenced to serve fifteen (15) years on each count of vehicular homicide to run concurrently; count one was to be served without benefit of probation or suspension of sentence. Defendant filed a motion to reconsider sentence on June 30, 1992, in which he alleged that the sentenced imposed was cruel, usual and excessive. Defendant's request was denied on July 29, 1992. The defendant appealed his resentencing wherein this court vacated the sentences on the three counts of vehicular homicide and once again remanded for resentencing on each count. This court also directed the trial judge to consider the new sentencing guidelines.
On May 10, 1993, on remand from this court, the defendant was sentenced on count one to fifteen years at hard labor, 7½ of which were without benefit of parole, probation or suspension of sentence; on count two, he was sentenced to 5½ years at hard labor; on count three, he was also sentenced to 5½ years at hard labor. Additionally, he was also fined $2,000.00 on each count. These sentences were ordered to run concurrently and the defendant was given credit for time served.
After the denial of his motion to reconsider sentence, the defendant appealed and assigned as error the following:
(1) The sentence imposed on count one was cruel, unusual and excessive;
(2) The trial court failed to adequately articulate the reasons and factual basis for the sentences.
For the following reasons, we affirm as amended.

FACTS
On or about November 30, 1990, near the intersection Airport Service Road on La. 385 in Lake Charles, Louisiana, the defendant committed the offense of vehicular homicide (three counts), in violation of LSA-R.S. 14:32.1. The defendant killed Charlotte Maxwell, Glenda Chesson and Roger Chesson while engaged in the operation or actual physical control of a motor vehicle with a blood alcohol content of .29. Of the four occupants in the vehicle hit by the defendant, three were pronounced dead at the scene; the fourth passenger, James A. Dixon, sustained severe injuries.

ERRORS PATENT
LSA-C.Cr.P. art. 920 provides for a review of the record for errors patent. Upon our review, we have discovered one error patent which involves whether the defendant's sentence is illegal. The penalty provision for vehicular homicide, after applying the habitual offender statute, would be imprisonment for not less than 7½ years and not more than 30 years. LSA-R.S. 14:32.1; LSA-R.S. 15:529.1(A)(1). The sentence on count one was "without benefit of parole, probation or suspension of sentence." Under LSA-R.S. 15:529.1(G), the sentence imposed must be without benefit of probation or suspension of sentence. However, the statute does not allow the trial court to restrict the defendant's parole eligibility. Disallowing probation, parole or suspension of sentence when the pertinent statutes do not authorize it constitutes an illegal sentence. State v. Ventress, 578 So.2d 256 (La.App. 3d Cir. 1991).
This court is authorized to correct an illegal sentence pursuant to LSA-C.Cr.P. art. 882, when the sentence does not involve the exercise of sentencing discretion by the trial court. State v. Fraser, 484 So.2d 122 (La. 1986). Therefore, we amend defendant's sentence by deleting that portion disallowing parole of sentence for 7½ years.

ASSIGNMENTS OF ERROR
By defendant's first assignment of error, he contends that the sentence imposed on count one was cruel, unusual and excessive. In his second assignment of error, the defendant contends that the trial judge failed to adequately articulate the reasons for sentence and the factual basis thereof. These *429 two assignments are interrelated and will be discussed together.
Based upon the Presentence Investigation Report and the Sentencing Guidelines Report, "3C" is the correct grid cell classification for the defendant. This classification provides for a minimum of six years and a maximum of seven years incarceration or 210-140 sanction units and falls within the discretionary sanction zone. However, the vehicular homicide statute, LSA-R.S. 14:32.1, provides for a sentencing range of two to fifteen years and a fine of not less than $2,000.00 and not more than $15,000.00. Because a habitual offender bill was filed under LSA-R.S. 15:529.1(A)(1), defendant's punishment on count one must be enhanced to not less than 7½ years nor more than 30 years in accordance with the provisions of that statute. According to La.S.G. § 309(B), the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
The defendant suggested the presence of four mitigating factors under La.S.G. § 209(C)(3), (7), (12), and (15):
(3) At the time of the offense, the capacity of the offender to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was somewhat impaired;
* * * * * *
(7) The offender committed the offense without significant premeditation;
* * * * * *
(12) The offender cooperated with law enforcement authorities with respect to the current crime of conviction or any other criminal conduct by the offender or other person;
* * * * * *
(15) The offender pled guilty or otherwise accepted responsibility for the offense and expressed genuine remorse.
The trial judge addressed the issue as to whether these circumstances are mitigating. After reviewing the four mitigating factors raised by the defendant, the trial judge found factors three (3) and seven (7) inapplicable to the circumstances of this case. Moreover, the trial judge concluded factors twelve (12) and fifteen (15) were outweighed by the aggravating circumstances discussed below. We agree.
The aggravating factors found by the trial court are listed under La.S.G. § 209(B)(5), (9) and (11):
(5) The offender knowingly created a risk of death or great bodily harm to more than one person;
* * * * * *
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family;
* * * * * *
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
The trial court apparently felt that the aggravating factors outweighed the mitigating factors presented by the defendant. In State v. Guillory, 617 So.2d 151 (La.App. 3d Cir. 1993), when this defendant appealed his first resentence, this court stated that La.S.G. § 209(B)(11) does not classify multiple victims where separate sentences are imposed as an aggravating circumstance. On remand after the defendant's first resentence, the sentencing judge stated, "it is an aggravating circumstance when you have multiple victims in any instance."
In the present case, there are several factors that distinguish the multiple victims as an aggravating circumstance from the typical La.S.G. § 209(B)(11) situation. Here, the three (3) counts of vehicular homicide were all ordered to run concurrent. Three criminal acts were based on the same act or transaction. When this occurs, the sentencing judge should, and he did, impose concurrent sentences. The concurrent nature of the sentences, whereby all three (3) counts would coincide, should allow the sentencing judge to classify the three (3) counts of vehicular homicide as an aggravating circumstance. Furthermore, if the sentencing *430 judge had imposed consecutive rather than concurrent sentences, the defendant would be facing a maximum of sixty (60) years, as opposed to the fifteen (15) years he did receive. Moreover, the defendant was not charged with any crime when he severely injured the fourth passenger. These severe injuries can be classified under La.S.G. § 209(B)(11) because "the offense involved multiple victims for which separate sentences have not been imposed." The defendant was not charged or sentenced for the severe injuries inflicted upon the fourth passenger. Therefore, the sentencing judge should be allowed to consider these injuries as an aggravating circumstance.
"A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Dorthey, 623 So.2d 1276 (La.1993). After reviewing the facts and circumstances of the present case, particularly the fact that three people were killed and one was severely injured, we find that this sentence is not grossly out of proportion to the severity of three (3) counts of vehicular homicide.
The trial judge did not sentence the defendant to the minimum provided by LSA-R.S. 15:529.1, but he justified his actions by stating sufficient aggravating circumstances to justify the imposition of a more severe sentence in accordance with La.S.G. § 209(B). The defendant is a recidivist with a criminal record consisting of one prior felony along with three misdemeanors. Moreover, the defendant voluntarily consumed alcohol in an extreme amount resulting in a .29 blood alcohol level. The record shows that on the night of the accident, people tried to stop the intoxicated defendant from getting in his vehicle on two occasions. The defendant's determination to drive his vehicle while intoxicated knowingly created a risk of death or great bodily harm to himself and to others. The defendant killed three people and severely injured a fourth. We do not find that the defendant's sentence is so grossly disproportionate to the severity of three counts of vehicular homicide as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981).
For the foregoing reasons, we hold that defendant's sentence on count one is not excessive.

CONCLUSION
The defendant's sentence on count one is hereby amended to set aside that portion of the sentence disallowing parole for seven and one-half (7½) years. The sentence, as amended, on count one is affirmed under the legal standard that gives the trial judge wide discretion in imposing sentences and because the sentence imposed is not so grossly disproportionate to the severity of the crime as to shock one's sense of justice. Moreover, after reviewing the facts and consulting the sentencing guidelines, the trial judge found sufficient aggravating circumstances to deviate from the sentencing guidelines. He articulated those reasons on the record as required by law and then imposed a more severe sentence while staying within the Habitual Offender Statute, LSA-R.S. 15:529.1. Defendant's sentence is not a "gross deviation" and is, therefore, not excessive.
The sentence imposed on counts two and three are affirmed. The fines of $2,000.00 on each count concurrently imposed are also affirmed.

AFFIRMED AS AMENDED.
THIBODEAUX, J., concurs in part, dissents in part and assigns reasons.
THIBODEAUX, Judge, concurring in part and dissenting in part.
I concur only in those portions of the majority's opinion which set aside the disallowance of parole and which affirm the sentences on counts two and three. Otherwise, I dissent for the following reasons.
Based on the Presentence Investigation Report and the Sentencing Guidelines Report, "3C" is the correct grid cell classification for the defendant. This classification *431 provides for a minimum of six years and a maximum of seven years incarceration. However, the vehicular homicide statute, La. R.S. 14:32.1, provides for a sentencing range of two to fifteen years. Because a habitual offender bill was filed under La.R.S. 15:529.1(A)(1), defendant's punishment on count one must be enhanced to not less than 7½ years nor more than 30 years in accordance with provisions of that statute. According to La. S.G. § 309(B), the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify the imposition of a more severe sentence.
The majority correctly observes the presence of four mitigating factors under La.S.G. § 209(C)(3), (7), (12), and (15) which were suggested by the defendant:
* * * * * *
(3) At the time of the offense, the capacity of the offender to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was somewhat impaired;
* * * * * *
(7) The offender committed the offense without significant premeditation;
* * * * * *
(12) The offender cooperated with law enforcement authorities with respect to the current crime of conviction or any other criminal conduct by the offender or other person;
* * * * * *
(15) The offender pled guilty or otherwise accepted responsibility for the offense and expressed genuine remorse.
The trial court found mitigating factors 3 and 7 inapplicable. I disagree. The record reflects that defendant's blood alcohol level was.29 at the time of the offense. The presence of this high level of alcoholic content is sufficient to have impaired the ability of the offender to appreciate the criminality of his conduct and certainly impaired his ability to conform his conduct to the requirements of law. Furthermore, there is nothing in the record to indicate that the defendant caused the accident and committed the offenses for which he was charged with any premeditation, much less "significant premeditation."
The trial court found the following aggravating factors under La.S.G. § 209(B)(5), (9), and (11):
* * * * * *
(5) The offender knowingly created a risk of death or great bodily harm to more than one person;
* * * * * *
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family;
* * * * * *
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
At least one of the aggravating factors should not have been considered. The trial court had already been instructed by this court in State v. Guillory, 617 So.2d at 153 that La.S.G. § 209(B)(11)involvement of multiple victims where separate sentences are imposeddoes not constitute an aggravating circumstance. Notwithstanding this instruction, the trial court nonetheless referred to this circumstance as an aggravating factor. This was error. This court compounds the error by sanctioning the use of this circumstance as an aggravating factor despite our previous instruction to the contrary. It does so by speciously distinguishing the use or non-use of multiple victims as an aggravating factor on whether a concurrent or consecutive sentence is imposed. The nature of the sentence should have nothing to do with the classification of a factor as aggravating. If anything, it is the converse that is truei.e., aggravating, factors may impact on a court's decision to impose a consecutive or concurrent sentence. Here, the exact opposite occurred which has resulted, in my view, in an injustice.
It is my view that under La.S.G. § 309(B), the trial court must impose the minimum sentence provided by law, 7½ years, unless aggravating circumstances justify the imposition of a more severe sentence. I do not find *432 the presence of such aggravating circumstances to justify such a gross deviation of twice the suggested sentence under the guidelines. If sufficient aggravating circumstances are not present, then the trial court must mandatorily impose a sentence recommended by the guidelines and a gross deviation from the guidelines recommendations is not warranted. See, State v. Smith, 629 So.2d 333 (La.1993).