647 So.2d 1317 (1994)
STATE of Louisiana
v.
Lawrence P. RUIZ.
No. 94-KA-0541.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*1318 Harry F. Connick, Dist. Atty. of Orleans Parish, Susan M. Erlanger, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Linda Nuss, New Orleans, for defendant/appellant.
Before WARD, JONES and WALTZER, JJ.
WALTZER, Judge.
Lawrence P. Ruiz was charged by bill of information with vehicular homicide, a violation *1319 of La.R.S. 14:32.1. After a jury trial, Ruiz was found guilty as charged; he was sentenced to serve fifteen years at hard labor as a second offender under La.R.S. 15:529.1.
He appealed and this Court affirmed his conviction but vacated his sentence and remanded the case for resentencing in accordance with the Louisiana Sentencing Guidelines. State v. Ruiz, 630 So.2d 897 (La.App. 4th Cir.1993). Ruiz was resentenced on February 8, 1994, to serve fifteen years at hard labor as a second offender under R.S. 15:529.1; he now appeals his resentencing. We find the sentence to be valid, and affirm.

STATEMENT OF FACTS
We adopt the statement of facts from our previous opinion in this case:
On September 12, 1990, at about 11:00 p.m., the appellant was driving a pick-up truck westbound on Chef Menteur Highway near the intersection of Alcee Fortier when he struck the rear of an eighteen wheeler parked on the shoulder of the road. The passenger of the pick-up was killed instantaneously as a result of the collision. The appellant was taken to Methodist Hospital where he was treated for his injuries. The investigating officer, Edward Cooper, after investigating the accident scene and interrogating witnesses, saw the appellant at Methodist Hospital where he advised appellant that he was under arrest for negligent homicide. Cooper then requested the assistance of a nurse to draw blood from the appellant. Alvee Carlini, R.N., with the appellant's consent, drew blood from him in the presence of Officer Cooper, according to the instructions on the blood collection kit provided by the State of Louisiana. Also urine samples were taken from the appellant.
Officer John Palm was qualified as an expert in blood testing. He testified that he tested the blood sample from the appellant and found it to be .27 percent blood alcohol. Officer Palm also testified that the urine sample tested positive for marijuana metabolites.
Ronald Erwin, the driver of the parked 18-wheeler hit by the appellant, testified that his rig was parked on the shoulder three to four feet from the highway. He testified that he was parked sufficiently off the road such that he could and did walk between the road and his rig. Erwin further testified that after he parked, he put on his flashers and went to a nearby store. He called his dispatcher, went back to the sleeper area of his rig and waited for the local delivery man to get back to the warehouse so he could exchange loads.
An RTA bus driver and three passengers all testified that they noticed the pick-up truck prior to the accident when the truck passed the bus on the right, on the shoulder of the road, as the bus waited out a red light at Chef Menteur Highway and Bullard Avenue. These witnesses also noticed that the pick-up was speeding and zigzagging on and off the shoulder of the road.
An accident reconstruction expert, Gene Moody, testified for the defense that the road was defective because it lacked the "fog line" on the right edge of the road and because the drop off from the road to the shoulder was too deep. Moody further noted that there is a tendency to follow the vehicle in front of you. Thus, if a vehicle is parked on the shoulder, there may be the tendency to run off the side of the roadway. Finally, Moody was of the opinion that the faded "fog line" and the rig parked on the shoulder caused the appellant to drive off the shoulder and the deep and irregular drop off kept him from getting back onto the road before the collision. Moody further concluded that the appellant was not going over forty-five miles per hour and that, even if the appellant had been sober, he would not have been able to prevent the accident.
Sherri Zoller also testifying for the defense stated she was driving behind the appellant immediately prior to the accident and that the 18-wheeler did not have its flashing lights on or any warnings posted. She further testified that she did not notice *1320 the appellant's truck speeding or swerving prior to the impact. She testified that she offered to give a statement to the police, but they said they already had enough witnesses. On cross-examination, Ms. Zoller admitted that she did not notice the defendant's truck prior to impact. She further admitted that she travels that highway often going to her camp on Lake Catherine and the road conditions had never caused her to go off the side of the road.
Finally, the defense called Juan Tony Campos, the emergency medical technician who was called to the scene. Mr. Campos testified that the driver of the 18-wheeler told him that he was sleeping when the accident occurred, contradicting the driver's testimony.

ERROR PATENT
In our review of the record we note an error patent. The sentence of fifteen years at hard labor as a second offender is illegally lenient. Ruiz was sentenced under R.S. 14:32.1 and R.S. 15:529.1 which provide for a prison term of from seven and one/half to thirty years and imposition of a fine of from two to fifteen thousand dollars. Ruiz was not fined. However, an appellate court may not amend or set aside an illegally lenient sentence on its own motion when Ruiz alone has appealed and the State has not sought review of the sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Gilmore, 529 So.2d 859 (La.App. 4th Cir.1988), writ denied, 533 So.2d 373 (1988).

THE SENTENCE IMPOSED ON RUIZ IS NOT ILLEGALLY EXCESSIVE
Ruiz claims that on resentencing the trial court erred in not complying with the Sentencing Guidelines and in imposing a statutorily excessive sentence. The defendant was sentenced to fifteen years at hard labor on February 8, 1994, after the effective dates of the Felony Sentencing Guidelines and revised La.C.Cr.P. art. 894.1.
The sentencing range under La.R.S. 14:32.1 and La.R.S. 15:529.1 is seven and one-half years to thirty years. The Sentencing Guidelines recommend a sentence of seven to nine years for a defendant with Ruiz's criminal history.[1]
The Louisiana Supreme Court held:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
State v. Smith, 93-0402, p. 3 (La. 7/5/94); 639 So.2d 237, 240. [Emphasis in original] The trial judge has discretion to reject the Guidelines which means the suggested sentence may be ignored, as well as the listed aggravating and mitigating factors. As long as the trial judge considers the Guidelines and states the considerations and basis for the sentence, appellate review is limited to constitutional excessiveness.
Here the trial court stated that it considered the sentencing guidelines and cases under Article 894.1; the court noted a case in which the Fifth Circuit held that at the sentencing the trial court properly determined that a lack of "remorse" was an aggravating factor.
The court also noted that Ruiz had driven in such a reckless manner moments before *1321 the accident that a bus driver saw only a "blur" passing him on the right on the shoulder of the road. The trial court here articulated considerations and the factual basis for the sentence in that Ruiz created a risk of bodily harm to people on a bus and showed no remorse for the death he caused.
Because the trial court adequately considered the Guidelines and stated his reasons for the sentence, we will consider whether the sentence is constitutionally excessive. La. Const. Art. I, § 20 (1974) prohibits excessive punishment. Punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Villavicencio, 528 So.2d 215, 217 (La.App. 4th Cir.1988), writ den. 533 So.2d 14 (1988). Moreover, the sentencing court has great discretion. State v. Villavicencio, 528 So.2d at 217.
In considering excessiveness, we look at sentences given in similar cases in order to determine whether the sentence is inordinate in a particular case. Recently the First Circuit upheld a sentence of ten years for a first offender guilty of vehicular homicide where the appellant was found to have demonstrated a reckless disregard for the safety of others. State v. Trahan, 93-1116 (La.App. 1st Cir. 5/20/94), 637 So.2d 694. Similarly, the Third Circuit found a sentence of fifteen years for a second offender sentenced under R.S. 15:529.1 and R.S. 14:32.1 not excessive where the appellant had a prior felony conviction and three misdemeanor convictions.[2]State v. Guillory, 93-1031 (La.App. 3rd Cir. 4/27/94), 640 So.2d 427, writ denied, 94-1380 (La. 9/30/94), 642 So.2d 869. In light of the above cases and given Ruiz's reckless behavior and lack of remorse, we find the sentence imposed herein is not excessive.
Accordingly, we affirm Ruiz's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The appellant's history of one prior felony conviction for cruelty to a juvenile and four misdemeanor convictionstwo for disturbing the peace, one for simple battery, and one DWI gives him four points on the index and places him in grid level 3B.
[2] In both Guillory and Trahan there were multiple victims; in Guillory three people were killed and the fifteen year sentence was imposed on the first count (the multiple bill count) only; in Trahan three people were killed and the court sentenced the appellant to three concurrent ten year sentences.