748 So.2d 50 (1999)
STATE of Louisiana, Appellee.
v.
Jeffery P. BLACKMON, Defendant-Appellant.
No. 99-391.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
*51 Raymond LeJeune, Asst. Dist. Atty., Mamou, C. Brent Coreil, Dist. Atty., Ville Platte, for State.
J. Michael Small, Alexandria, for Jeffery P. Blackmon.
Before DECUIR, AMY and PICKETT, Judges.
AMY, Judge.
The defendant entered guilty pleas to charges of vehicular homicide and first offense driving while intoxicated. For the vehicular homicide conviction, he was sentenced to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence. He was also ordered to pay a ten thousand dollar fine. The defendant appeals this sentence asserting it is excessive and that the trial judge failed to adequately consider the mitigating factors present. For the following reasons, we affirm.

Factual and Procedural Background
This matter stems from an automobile accident occurring on the evening of June 9, 1998. The State alleges that, on the evening of the accident, the defendant, Jeffery Blackmon, was driving a vehicle in which his own child and his girlfriend's child were passengers and were not protected by child restraints. During the evening, Blackmon allegedly struck a vehicle and then left the scene at a high rate of speed. Police officers were summoned and began pursuing the Blackmon's vehicle.
When the officers came upon the Blackmon vehicle, they discovered that Blackmon had been involved in another accident in which he struck the rear of a pickup truck. The driver of the truck, John Morein, was ejected and died as a result of his injuries. Morein's wife, Candace, was a passenger and was seriously injured. The record indicates that Mrs. Morein was pregnant at the time of the accident and that the pregnancy was threatened due to the accident.
The defendant underwent a blood alcohol test subsequent to the accident which revealed a blood alcohol concentration of.162 percent. On June 19, 1998, the defendant was charged with vehicular homicide, a violation of La.R.S. 14:32.1, and with first degree vehicular negligent injuring, a violation of La.R.S. 14:39.2. The defendant was also charged with related misdemeanor offenses.
On November 16, 1998, the defendant entered a plea of guilty to vehicular homicide and first offense driving while intoxicated. Pursuant to a plea agreement, the State agreed to not pursue the negligent injuring charge in exchange for the plea. Additionally, the State agreed not to pursue the four misdemeanor charges pending against the defendant. The agreement contained no recommendation regarding sentencing.
A sentencing hearing was held at which the defendant presented witnesses and Morein's family members read prepared statements. The trial court subsequently sentenced the defendant on January 22, 1999. On the charge of vehicular homicide, the defendant was sentenced to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence. He was also ordered to pay a fine of ten thousand dollars and attend a court approved driver improvement program. As for the driving while intoxicated charge, the trial court sentenced the defendant to serve six months, pay a five hundred dollar fine, and attend the driver improvement program described above.
Following sentencing, the defendant objected to the sentence imposed and filed *52 a Motion to Reconsider Sentence asserting the trial court imposed an excessive sentence, failed to adequately consider mitigating circumstances, and failed to adequately articulate for the record, the factual basis for the sentence. This motion was denied. The defendant then filed a motion for appeal on the vehicular homicide sentence only. He assigns the following as error:
1. The imposition of a sentence of fifteen years without benefit of probation, parole or suspension of sentence constitutes cruel, excessive, and unusual punishment in violation of Article I, Section 20 of the Louisiana Constitution.
2. The Trial Court failed to consider the mitigating evidence presented at the sentencing hearing by way of live testimony and letters from persons who were acquainted with the Appellant.
3. The Trial Court failed to comply with the requirements of Article 894.1(C) of the Code of Criminal Procedure by failing to state for the record the considerations taken into account and the factual basis for imposing a fifteen year sentence.
4. The Trial Court erred in denying Appellant's Motion to Reconsider Sentence.

Discussion

Error Patent
La.Code Crim.P. art. 920 requires that all appeals be reviewed for errors patent on the face of the record. Our review reveals one error. During the plea hearing, the trial court did not personally inform the defendant of the nature of the charges and the maximum and minimum penalties possible under the charges. La. Code Crim.P. art. 556.1(A)(1) provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
Although the trial judge did not do so personally, he asked the assistant district attorney to do so. The assistant district attorney informed defendant in open court as follows:
The vehicular homicide, which is Count 1 of the Bill of Information or indictment, but I think this is a Bill of Information. This is a violation of Article 32.1, Your Honor, vehicular homicide. The penalty provision of that is, whoever commits the crime of vehicular homicide shall be fined not less than $2,000.00 nor more than $15,000.00 and shall be imprisoned with or without hard labor for not less than two years nor more tha[n] fifteen years. At least one of the sentence of imprisonment shall be imposed without benefit of probation, parole or suspension of sentence. The Court shall require the defendant to participate in a court approved substance abuse program or a court approved, driving program, or both.
As the defendant alleges no misunderstanding as to the nature of the charge pled and the plea colloquy demonstrates that the defendant had adequate information on which to enter an intelligent and voluntary plea pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), we conclude that the mere fact that the trial court invited the assistant district attorney to read the charges and possible penalties is not reversible error.

Excessiveness of the Sentence
In his first assignment of error, the defendant contends the sentence of fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence is unconstitutionally excessive. He *53 argues this is the "harshest reported sentence ever imposed on a person convicted of vehicular homicide" and that other cases, involving more egregious behavior than his resulted in lesser sentences. The State asserts the sentence is justified given the circumstances presented in this case, and, furthermore, that the legislature's increase in the maximum sentence available for a vehicular homicide conviction from five to fifteen years signals society's demand for more serious penalties for alcohol-related offenses. Thus, according to the State, even if the fifteen-year sentence may have shocked society's sense of justice in the past, it no longer does so.
La. Const. art. I, § 20 ensures that "[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065 citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
The sentence complained of was entered following a conviction for vehicular homicide. The offense is defined and the sentencing range possible following conviction are provided in La.R.S. 14:32.1 as follows:
A. Vehicular homicide is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance, whether or not the offender had the intent to cause death or great bodily harm, whenever any of the following conditions exist:
(1) The operator is under the influence of alcoholic beverages as determined by chemical tests administered under the provisions of R.S. 32:662.
(2) The operator's blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.
. . . .
B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both.
As can be seen from a reading of the statute, the defendant's fifteen-year sentence, imposed without benefit of probation, parole, or suspension of sentence is the maximum term of imprisonment possible for vehicular homicide. Generally, maximum sentences are reserved for "cases involving the most serious violation of the offense and the worst type of offender." State v. Baker, 31,162, p. 20 (La. App. 2 Cir. 10/28/98); 720 So.2d 767, 779, writ denied. However, a trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La. Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced *54 by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
In the present case, the trial court issued lengthy reasons for sentencing, explaining his assessment of the circumstances as follows:
First of all, the Court considers the fact that in return for your guilty pleas, the District Attorney dropped the count of First Degree Vehicular Injuring of Candace A. Morein, which carries a maximum sentence of five years. The District Attorney also dropped the charges of Careless and Reckless Operation of a Motor Vehicle, No Child Restraints, and Hit and Run, which carry maximum sentences of 90 days and/or $200.00, $50.00, $50.00 and 6 months and/or $500.00, respectively.
Had you been convicted of all of those offenses, those sentences and/or fines would have been added to your sentences on the Vehicular Homicide and DWI I offenses. The Court will consider those as aggravating factors elements which are part of every homicide.
This is not a typical vehicular homicide case in light of the fact that your blood alcohol level was .162% over twice the legal limit, that in addition to killing John Morein, you injured his pregnant wife-guest passenger, Candace A. Morein, fracturing her right leg, tearing the ligaments and detaching her placenta, causing her to be hospitalized and missing six months work, and preventing her from going to her husband's funeral. The funeral home employees had to bring her husband's dead body to the hospital for her to see him one last time before they buried him. Her little son, Dalton, will be fatherless.
The record of this case and Pre-Sentence Investigation Report which have been carefully perused by the Court show that just prior to the accident giving rise to these offenses, you were involved in a vehicular accident with Stacy Howerton, at the intersection of LaSalle and McArthur streets in Ville Platte, stopping only briefly, being very rude to M. Howerton, and then fleeing the scene of the accident at a high rate of speed, and seconds later, striking the Morien vehicle from behind, killing John Morein and seriously injuring his pregnant wife, who were on their way to a ball game in Pine Prairie.
. . . .
The Court also points out that you had two small children riding with you, your child and your girl friend's child, in your drunken condition. Obviously, you did not care for the safety of [sic] life or limb of these two little children.
The Pre-Sentence Investigation Report shows that on April 1, 1992, you were convicted of Expired MVI in the 13th Judicial District Court.
On March 16, 1995 it shows you pled guilty and were convicted of 1st offense DWI in the Baton Rouge City Court, and on May 9, 1995 you were sentenced to 60 days, suspended and placed on one year probation and fined for said offense.
On April 22, 1996, it reveals that in the Lafayette City Court, you pled guilty to Careless operation of a Vehicle and Driving Under Suspension which was reduced to No Driver's License in possession and fined $250.00 or five days in jail.
. . . .
This is not a typical vehicular homicide case in light of the above aggravating circumstances.
M. Blackman, your case is a sad one of a 28 year old man, who admits his crime, and says he is remorseful. The Court takes that with a grain of salt and questions your sincerity. That will never suffice for the loss of John Morein, a totally innocent and family loving man.
Your actions just prior to this crime demonstrate to the Court that you had *55 absolutely no regard for the life and safety of our people, and it was because of your extreme intoxication that you killed this innocent man. You were totally oblivious and indifferent to law and order, and you constitute a threat and a menace to our society.
Your high unlawful blood concentration combined with your operation of the vehicle unquestionably caused the death of a human being, and for that reason the laws of the State of Louisiana impose criminal liability upon you, which of course will never compensate for the loss of John Morein.
. . . .
The Court specifically finds that:
1) There is an undue risk that during the period of a suspended sentence or probation, you would commit another crime.
2) You are in need of correctional treatment or a custodial environment that can be provided most effectively by your commitment to a penal institution.
3) A lesser sentence would deprecate the seriousness of your abominable, execrable, and detestable crimes for which you were convicted by virtue of your pleading guilty.
Our review of the record reveals no abuse of the trial court's discretion in sentencing the defendant. Although the majority of the cases reported involving vehicular homicide involve lesser sentences, we do not consider this, alone, indicative of an excessive sentence in the instant matter.[1] The trial court was faced with a defendant who had previously been convicted of driving while intoxicated and, on the night of the accident at issue, had a blood alcohol level twice of that necessary to fall within the vehicular homicide statute. Not only was John Morein killed as a result of the accident, but his wife was seriously injured and their unborn child endangered. By entering into the plea agreement, the defendant reduced his sentencing exposure as the vehicular negligent injuring charge originally brought due to Mrs. Morein's injuries was dropped, a charge which would have exposed the defendant to an additional five years imprisonment at hard labor. Further, the trial court considered that, immediately prior to the accident, he had been involved in an initial accident and then fled the scene at a high rate of speed. He did so with his child and his girlfriend's child in the vehicle, neither of whom were restrained.
Given the presence of these factors and the trial court's detailed consideration of them, we do not find a clear abuse of the trial court's discretion in determining that the maximum sentence available under the statute is applicable in this circumstance. Accordingly, this assignment is without merit.

Mitigating Circumstances and Factual Basis
Combining his second and third assignments of error, the defendant argues the *56 trial court failed to adequately consider the mitigating circumstances present in the case. Specifically, the defendant argues the trial court failed to take into account that he is only twenty-seven years old and has no prior felony convictions. Further, he has a three-year-old son, supports his girlfriend's child, and was employed prior to the accident. The defendant also points out that family members testified at the sentencing hearing regarding his remorse for the accident and his commitment to seeking treatment for alcohol abuse. The defendant argues that these factors were not considered by the trial court.
Our reading of both the sentencing hearing transcript and the judge's reasons for sentencing reveal that contrary to the defendant's argument, mitigating factors were considered by the trial court. However, little weight was afforded those factors in light of the aggravating circumstances. In fact, the trial court stated as follows:
This Court specifically finds that although there may have been mitigating evidence presented at the Sentencing Hearing in the form of testimony and letters, which the Court finds to be indeed flimsy, transparent, self-serving and non-convincing, the aggravating factor elements including the testimony of John Morein's wife and sister, which are part of every vehicular homicide so greatly outweigh said mitigating evidence that it amounts to hardly nothing and that is the weight this Court is going to give to it. The Court will not accept this attempt at gilding the lily.
. . . .
M. Blackman, your case is a sad one of a 28 year old man, who admits his crime, and says he is remorseful. The Court takes that with a grain of salt and questions your sincerity. That will never suffice for the loss of John Morein, a totally innocent and family loving man.
Furthermore, discussion between defense witnesses and the trial court indicate that the judge was not impressed with the fact that family members informed the court that the defendant was willing and eager to enter treatment, but that he had not availed himself of the opportunity to do so while free on bond. The trial court stated on the record that the fact that the defendant did not seek treatment did not "indicate very much remorse."
Thus, it is clear from the record that trial court considered the mitigating evidence presented by the defendant, but did not find it credible. As indicated in the reasons for ruling, the trial court found these mitigating factors outweighed by the aggravating factors.
As far as the defendant's assertion that the trial court did not adequately set forth the factual basis for imposing the maximum sentence, we find this argument to be without merit as well. The defendant contends that the trial court merely recited the three aggravating circumstances listed by La.Code Crim.P. art. 894.1(A) which requires:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided more effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
The defendant contends that the listing of the above factors by the trial court does not adequately explain the considerations taken into account and the factual basis for imposing the maximum sentence. See La. Code Crim.P. art. 894.1(C).
The trial court specifically found the three aggravating factors listed in La.Code Crim.P. art. 894.1(A) present in this case. *57 However, as can be seen by reference to the trial court's lengthy reasons for sentencing briefly excerpted above, the trial court specifically discussed many additional factors contributing to the imposition of the maximum sentence. These circumstances explained by the judge were factspecific and demonstrate adequate consideration of both aggravating and mitigating factors.

Motion to Reconsider Sentence
In his final assignment of error, the defendant argues that the trial court erred in denying his motion to reconsider sentence. Reference to the motion indicates that the arguments raised are those raised and discussed above. Due to our conclusion that these arguments are without merit, we do not find any error in the trial court's denial of the motion to reconsider sentence. This assignment is without merit.

DECREE
For the foregoing reasons, the sentence of the defendant, Jeffery P. Blackmon, is affirmed.
AFFIRMED.
NOTES
[1] Jurisprudence in this area reveals a number of cases in which the statutory maximum of fifteen years was imposed following a conviction for vehicular homicide. However, these cases do not reveal that the sentence was imposed without benefit of probation, parole, or suspension of sentence. See Baker, 31,162; 720 So.2d 767 (fifteen-year sentence affirmed); State v. Ruiz, 94-0541 (La.App. 4 Cir. 12/15/94); 647 So.2d 1317 (fifteen-year sentence affirmed); State v. Guillory, 93-1031 (La.App. 3 Cir. 4/27/94); 640 So.2d 427 (fifteen-year sentence, seven-and-a-half of which were imposed without benefit of probation or suspension of sentence due to the defendant's status as a second felony offender, affirmed). See also State v. Lanham, 31,791 (La.App. 2 Cir. 3/31/99); 731 So.2d 936 (a fifteen-year sentence was imposed, but excessiveness of the sentence was neither raised nor discussed).

We note that the accidents involved in Ruiz and Guillory occurred prior to the 1993 revision to La.R.S. 14:32.1(B) requiring that at least one year of the sentence be imposed without benefit of probation, parole, or suspension of sentence. A trial court cannot lawfully impose a sentence without benefit of probation, parol, or suspension of sentence unless the relevant statute permits the disallowance of the benefits. State v. Diggs, 423 So.2d 643 (La.1982); State v. Ventress, 578 So.2d 256 (La.App. 3 Cir.1991).