789 So.2d 725 (2001)
STATE of Louisiana
v.
Anthony KEZERLE.
No. 01-0079.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*726 William E. Tilley, District Attorney, Leesville, LA, Counsel for Appellee, State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, Counsel for Defendant/Appellant, Anthony Kezerle.
Terry Wayne Lambright, Dowden, Hicks & Lambright, Leesville, LA, Counsel for Appellee, State of Louisiana.
Court composed of OSWALD A. DECUIR, MARC T. AMY, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
As a result of a tragic automobile accident on January 28, 2000, the Defendant, *727 Anthony Kezerle, was charged with one count of driving while intoxicated, third offense, and one count of vehicular homicide. He pled guilty to the vehicular homicide charge and to a reduced charge of second offense DWI.
For the one count of vehicular homicide, the Defendant was sentenced to twenty years at hard labor, one year to be served without benefit of probation, parole, or suspension of sentence, and fined $2,500.00. He was sentenced to a concurrent term of six months in jail and fined $1,000.00 on the DWI count. A motion for reconsideration of the sentences was denied, and this appeal followed. The Defendant contends the twenty-year sentence imposed for the vehicular homicide conviction is excessive.
The facts contained in the record indicate the Defendant was operating a Chevrolet pickup truck eastbound on Highway 8 in the Slagle community, when his right tires dropped off the edge of the highway. When he attempted to steer back onto the roadway, he overcorrected and crossed the center line of the highway. As a result, he struck the victim's vehicle in a head-on collision. The victim died at the scene of the accident. Blood tests revealed that at the time of the incident, the Defendant's blood alcohol level was .24.
In his first assignment of error, the Defendant argues the trial court erred in imposing the maximum sentence allowed under La.R.S. 14:32.1 and that his sentence is unconstitutionally excessive.
In determining whether a sentence is unconstitutionally excessive, this court applies the following standard:
La. Const. art. I, § 20 ensures that "[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065, citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
State v. Blackmon, 99-391, p. 5 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, 53, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174.
The statute governing vehicular homicide sentencing is La.R.S. 14:32.1(B), which provides in part:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than twenty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-appointed driver improvement program, or both. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.
In the present case, the Defendant was sentenced to twenty years at hard labor, which is the maximum sentence allowed under the statute.
In Blackmon, we held that a maximum sentence is usually reserved for cases involving the most serious violation of the offense and the worst type of offender. Upon review of sentencing, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
*728 This court found that Blackmon's sentence of fifteen years, the maximum penalty at the time, was not excessive where Blackmon had prior DWI offenses, his blood alcohol level was over twice the legal limit, and his drunk driving resulted in a vehicular accident in which one victim died and other victims sustained severe bodily injuries.
In the instant case, the trial judge considered the facts of the accident, the presentencing investigation report, and the considerations listed under Article 894.1 in imposing the Defendant's twenty-year sentence. We have reviewed this evidence in detail and conclude the trial judge did not abuse his discretion in sentencing the Defendant. The Defendant has numerous past offenses for driving while intoxicated. His callous disregard for the safety of others is evidenced in his blood alcohol level of .24 percent, three times the level necessary for a homicide conviction. He has refused or was incapable of achieving successful alcohol abuse rehabilitation in the past, which led him to cause the death of the victim, a thirty-seven-year-old wife, mother, and youth leader, and severe bodily injuries to himself. The sentence of twenty years at hard labor is not excessive.
The Defendant's second assignment of error is that the trial court violated Article 894.1 of the Louisiana Code of Criminal Procedure by not giving sufficient consideration to the mitigating factors presented to the court while imposing the sentence.
In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
Blackmon, 99-391, p. 7; 748 So.2d at 53-54. In Blackmon, this court found that the trial court complied with Article 894.1 and gave sufficient weight to the mitigating circumstances where the trial judge articulated in the record all mitigating factors presented by the defendant and still imposed on him the maximum fifteen year prison sentence. Id.
In the present case, the trial judge considered the evidence that the Defendant had been married since 1988, had two children and a career in diesel mechanics. He further noted the Defendant showed remorse for the accident and the victim's death. The Defendant has not been drinking since the accident and has become, to his family, the kind of husband and father they have always wanted. The trial court in this case weighed the mitigating factors in light of the aggravating factors and found that "a lesser sentence than that imposed in this situation would deprecate the seriousness of the offense and give others the right to think that this kind of behavior is tolerated by this court and by this society in general."
For the foregoing reasons, the twenty-year sentence for vehicular homicide committed by the Defendant is affirmed.
AFFIRMED.