liAMY, Judge.
As the result of a plea agreement, the defendant entered a guilty plea to the charge of hit and run following an accident that injured four occupants of the other vehicle involved in the collision. He was sentenced to ten years at hard labor. He appeals the sentence as excessive. We affirm.
Factual and Procedural Background
The accident at issue in this criminal case occurred in the early morning hours of December 5,1998. The record indicates that the defendant, Jacob Paul Raffray, spent the preceding hours at bars in Maurice and Lafayette, Louisiana. At the time of the accident, Mr. Raffray was traveling on Johnston Street in Lafayette, when, according to a witness, he failed to stop at a red light at the Ambassador Caffery intersection. His truck struck a vehicle negotiating a turn at the intersection. The driver and three passengers in the other vehicle sustained injuries. According to a witness, Mr. Raffray exited his vehicle and fled the scene on foot.
Mr. Raffray was originally charged by bill of information with one count of hit- and-run driving, a violation of La.R.S. 14:100, and four counts of negligent infliction of injury, violations of La.R.S. 14:39. The bill was amended in May 1999, to reflect a charge of hit-and-run driving, three counts of infliction of serious bodily injury while operating a motor vehicle under the influence of alcohol, violations of La.R.S. 14:39.2, and one count of negligent infliction of injury. Pursuant to a plea *608 agreement, the defendant entered a plea of guilty to the charge of hit-and-run driving. The State agreed to dismiss the remaining charges.
Following the defendant’s conviction, the trial court ordered a presentence investigation and, on October 15, 1999, he was sentenced to serve a sentence of ten years at hard-labor, with credit for time served. A motion to reconsider sentence was | ¡.denied. Following the granting of a motion for out-of-time appeal, the defendant filed this appeal asserting that the sentence imposed is excessive.[1]
Discussion
In his sole assignment of error, the defendant contends that the ten-year sentence, the maximum sentence of imprisonment for the offense of hit-and-run driving is excessive. He points out that this is his first felony conviction and that testimony at trial was insufficient to establish that he was intoxicated at the time of the offense. He also contends that the trial court failed to adequately consider the mitigating factors while placing too much weight on the aggravating factors present in the record.
At the time of the offense, La.R.S. 14:100 provided:
A. Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity, and to render reasonable aid.
[[Image here]]
[C](2) Whoever commits the crime of hit-and-run driving, when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred, shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.
Thus, the ten-year sentence, was the maximum term of imprisonment for which the defendant could have been sentenced for the offense of hit-and-run driving. As pointed out by the defendant, maximum sentences are generally reserved for serious violations of the offense and the worst type of offender. See State v. Blackmon, 99 391 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174. As explained in Blackmon, however:
[A] trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
Id. at p. 6-7; 748 So.2d at 53.
The defendant contends that the trial court failed to give adequate weight to mitigating circumstances and made unsupported findings regarding whether the defendant was intoxicated at the time of the accident. In sentencing the defendant, the trial court considered the defendant’s participation in rehabilitation programs while in the parish jail, the remorse he expressed for his actions, and the needs of his children. However, the court continued on to issue lengthy, specific reasons for its conclusion that the mitigating circumstances do not preclude imposition of the maximum sentence, stating:
[T]he mitigating circumstances just do not amount to mitigate the sentence in this case less than the maximum sen *609 tence because the Court does find that there is a risk of the defendant committing another crime and that there is a need for correctional treatment for the defendant. And that a lesser sentence would deprecate the seriousness of the defendant’s crime.
The Court considers the aggravating circumstances as pointed out by the State. And that is the circumstances of this particular charge of hit and run which if this — I can’t imagine a case in which we have a hit and run situation that would not be worse than this as far as when do we apply the maximum for this particular offense. I think this case says, “Yes, we have to apply the maximum in this case.”
Under the circumstances of this case there was evidence of intoxication. There was evidence that defendant committed this offense in order to facilitate or conceal another offense which is driving while intoxicated. That he ran a red light, he was driving unlicensed. He had l4no license and uninsured — uninsured and no license which is an aggravating circumstance under the situation.
And, of course, the impact to the victims in this case which the Court considers and the sentencing guidelines that the significant economic loss to the victims in this ease and the number of victims. Again, another aggravating circumstance, the multiple victims involved in this case.
Again, it does beg I think for a maximum penalty in this case because of the impact to the victims. But moreover, again, as pointed out by the State that this was a plea agreement. And as such, he was faced with a much stiffer sentence involved in three counts of first degree vehicular negligent injury and one count of negligent injury which were dismissed as a result of a plea agreement.
And the Court can consider that in imposing the maximum sentence in this case, that this was as a result — the fact that he’s faced with the maximum sentence in this case, the Court can consider the other offenses were dismissed as far as a plea agreement.
And, of course, the other aggravating circumstances of the criminal record of the defendant which he has numerous arrests as pointed out, but also — ever since he was seventeen (17), since he’s been old enough to be charged as an adult at seventeen (17), he has numerous arrests and convictions.
But in particular the convictions that relate to this particular charge are the DWI convictions and the hit and run conviction, which really indicates that there is a risk of committing further offense in this situation.
Therefore, the Court hereby sentences you to serve ten (10) years in the custody of the Department of Corrections at hard labor; said sentence to begin immediately with credit for time served since arrest.
Again, in reviewing the sentence imposed by the trial court, we do not consider whether another sentence may have been preferable, but whether the sentence imposed is an abuse of the sentencing court’s discretion. Blackmon, 99-391; 748 So.2d 50. Our review of the record reveals no such abuse.
We begin by addressing the defendant’s assertion that the trial court incorrectly determined that there was evidence of “intoxication” at the time of the offense. The | ..¡defendant contends that the only evidence of his drinking that night was evidence that he consumed a limited amount of beer during the course of the *610 evening. Indeed, no blood/alcohol samples were taken in this case as he was not apprehended until twelve hours after the accident. However, there was abundant evidence for the court to consider alcohol consumption to be a factor. In addition to statements regarding the number of hours spent at bars prior to the accident, the defendant’s admission to the investigating officer that he had been drinking, and a witness description of himself and the defendant to the officer as being “tore” up, an eyewitness to the accident stated that, as he approached the defendant’s vehicle, it smelled of alcohol. Thus, the record supports the trial court’s consideration that the defendant may have committed this offense in order to conceal the commission of another.
Further, the trial court was aware of the defendant’s extensive record of prior offenses that included multiple convictions for driving while intoxicated and a prior hit-and-run driving conviction. Testimony was also heard regarding the substantial impact on the victims, young adults at the time of the accident. Eric Caleb Searcy, a pitcher for the University of Southwestern Louisiana baseball team, sustained a neck fracture and testified that, although he has regained a “good bit of arm movement!,]” he has been told that he will never walk again. He has undergone multiple surgeries and at the time of sentencing was heavily dependant on others for care and assistance. Monica Marse also sustained injuries, including multiple fractures, a punctured lung, torn bladder, and concussion. She too required extensive care and rehabilitation. Jamie Lauren Avant informed the court that she suffered a broken collarbone, had surgery for the placement of screws into her ankle and suffered internal injuries as a result of the accident. The impact to the victims is clear Land, along with the other aggravating circumstances and the trial court’s observation that the defendant significantly benefitted by the plea agreement, is in support of the trial court’s conclusion that a lesser sentence than that imposed would deprecate the seriousness of the offense.
For the above reasons, we find the defendant’s assignment of error is without merit.
DECREE
For the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.

. As is required by La.Code Crim.P. art. 920, we have reviewed the record for errors patent on the face of the record. Our review reveals no such errors.