827 So.2d 589 (2002)
STATE of Louisiana
v.
Gary E. CULLIPHER.
No. 02-0390.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*590 Hon. William E. Tilley, Leesville, LA, for State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, for Gary E. Cullipher.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and MARC T. AMY, Judges.
SAUNDERS, Judge.
Gary E. Cullipher was charged by bill of information with one count of vehicular homicide, a violation of La.R.S. 14:32.1. The Defendant pled guilty to the charge on February 7, 2001. In exchange for his guilty plea, the State agreed to dismiss one count of driving while intoxicated, second offense. The Defendant was sentenced on April 27, 2001 to fifteen years at hard labor, five years suspended, and a fine of $2,000.00, plus court costs. The trial court also ordered that, upon release, the Defendant is to comply with La.Code Crim.P. art. 895(A), pay fines and costs at the rate of $100.00 monthly, following which he must pay $300.00 to the Indigent Defender Board, $50.00 per month supervision fee, and enroll in and complete a court approved substance abuse treatment program and a driver's improvement program. The Defendant filed a Motion to Reconsider Sentence on May 7, 2001. The trial court denied the Defendant's motion without reasons.
On June 20, 2001, the Defendant appealed his sentence alleging that the trial court imposed a constitutionally excessive sentence and that the trial court failed to give sufficient weight to facts in mitigation in particularizing the sentence as required by La.Code Crim.P. art. 894.1. This court in State v. Cullipher, an unpublished opinion bearing docket number 01-859 (La.App. 3 Cir. 12/12/01), vacated the Defendant's sentence and remanded the matter to the trial court for re-sentencing. The trial court incorrectly suspended a portion of the Defendant's sentence without placing the Defendant on probation. The Defendant's assignments of error were pretermitted.
On February 27, 2002, the trial court resentenced the Defendant to fifteen years at hard labor, one year of which shall be served without benefit of probation, parole or suspension of sentence, five years suspended, five years of supervised probation upon release from incarceration, a two thousand dollar fine, and credit for time already served in this matter. The trial court also ordered the Defendant follow special conditions following his release from incarceration. For instance, the Defendant was to comply with La.Code Crim.P. art. 895(A), pay fines and costs at the rate of $100.00 monthly, following which was required to pay $300.00 to the Indigent Defender Board, $50.00 per month supervision fee, and enroll in and complete a court approved substance abuse treatment program and a driver's improvement program. On March 4, 2002, the Defendant filed a motion to reconsider his sentence alleging that the sentence is constitutionally excessive and that the trial court failed to adequately consider mitigating circumstances. The motion was denied.

FACTS
On the afternoon of October 13, 2000, the Defendant left work, picked up a sixpack *591 of beer, and arrived home at 3:30 p.m. The Defendant and his wife began arguing which continued throughout the evening. While Mrs. Cullipher was in the shower, the Defendant left a note and went to a neighborhood bar at approximately 9:30 p.m. where he continued to drink.
As soon as she found the note, Mrs. Cullipher went to the bar and tried to convince the Defendant to go home. He declined. Mrs. Cullipher left, but she returned to the bar at midnight. She found the Defendant in the bathroom. He told her that he was ill from the alcohol. Since the bar was located one half mile from their house, she tried to convince him to ride home with her and return in the morning for his car. He refused.
Around midnight, the victim was walking along Franklin Street in the same direction as the flow of traffic. The two-lane road had no sidewalks, very little shoulder, and inadequate lighting. The Defendant struck her with his vehicle. He proceeded to drive home, where he called for emergency help. He then returned to the scene of the accident to render aid to the victim and to await the police. The Defendant's blood alcohol concentration was determined to be .151 percent within an hour following the incident. State v. Cullipher, an unpublished opinion bearing docket number 01-0859 (La.App. 3 Cir. 12/12/01).

LAW AND ANALYSIS

ASSIGNMENTS OF ERROR
On appeal, the Defendant asserts the following assignments of error:
1. A fifteen year sentence serves no useful purpose in this case, thus, the trial court erred in imposing an unconstitutional, excessive sentence in this case.
2. The trial court failed to give sufficient weight to factors in mitigation and failed to particularize the sentence to this offender, thus, the sentence violates the guidelines of La.Code Crim.P. art. 894.1.
The Defendant argues that the trial court imposed an unconstitutionally excessive sentence and failed to give sufficient weight to mitigating factors in particularizing his sentence. The Defendant states that the mitigating factors in the record are numerous and argues that the record does not support the propositions put forth by the trial court that during a period of suspended sentence or probation the Defendant would commit another offense or that a lesser sentence would deprecate the seriousness of the Defendant's crime.
In State v. Blackmon, 99-391 (La.App. 3 Cir.11/3/99); 748 So.2d 50, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174, a case with a similar fact scenario, wherein the defendant was sentenced to fifteen years for a conviction of vehicular homicide, this court stated:
La. Const. art. I, § 20 ensures that "[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Wilson, 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065 citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). (Emphasis in original).
* * *
In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account *592 and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
Id. at 53-54.
The trial court stated for the record that intent to cause harm is not an element of the offense of vehicular homicide; therefore, "this Court must look to the facts and circumstances prior to and subsequent to the offense." The trial court gave an extensive recitation of the facts of the case and examined the case for both mitigating and aggravating factors. As mitigating factors, the trial court considered:
The defendant graduated from West Monroe High School in 1987. In 1988 he enlisted in the United States Army and received an honorable discharge in 1991. In 1993 he enrolled in the Delta [Q]uachita Technical School in Monroe and completed a course in drafting. In 1995 he enlisted in the National Guard and in 1998 he again reenlisted in the Army. The defendant was enlisted in the Army at the time this offense occurred. Due to the instant offense the defendant was given a general discharge under honorable conditions. The defendant had attained the rank of specialist. Also, by all accounts, this defendant appears to be a good person, being described as friendly, helpful, kind to children and is described by his peers in the United States Army as a consummate professional in performing his military duties. Life has not been kind to this defendant. He witnessed the suicide of his father in 1998 and he caused the death of Cyndi Martin in October 2000. These are the kinds of trauma that few, if any, of us ever experience during a normal lifetime. Certainly these events have had a profound effect on this defendant as convincedas evidenced by his statement to the probation officer that, "I wish there was something I could do to bring her back." And, "I haven't been able to sleep a lot since this happened."
The trial court also took into consideration the fact that the victim was walking on an inherently dangerous street, on the wrong side of the road, and walking with the flow of traffic instead of against it. The trial court stated that had she not done so, "no doubt we would not be here today."
While the Defendant did not stop immediately to render aid to the victim, the trial court did not consider this to be an aggravating factor. The trial court stated:
It is possible that alcohol could have influenced these actions, however, it is also likely that he would have realized that the quickest way to obtain assistance to the victim was to get to the nearest telephone as soon as possible. Under these circumstance the court does not consider the defendant's failure to stop as an aggravating circumstance in this case.
The trial court considered as aggravating factors the fact that the Defendant had a prior driving while intoxicated conviction, which occurred in 1995, and, referring to the instant offense, the court stated:
[T]his defendant had two opportunities to avoid the proscribed conduct in this case. On each occasion, when his wife appeared at the Wings bar, he had the opportunity to stop and go with her. Instead on ... those two occasions, he chose the alternative conduct which was to operate a motor vehicle after consuming *593 fairly substantial quantities of alcohol.
Accordingly, the trial court concluded that during a period of suspended sentence or probation, it was likely the Defendant would commit another offense and that, "[a] lesser sentence will deprecate the seriousness of defendant's crime."
The trial court also considered the death of the victim.
The victim, Cyndi Martin, was a single woman who lived alone with her dog, Chief. She had a horse she named Little Bit. By all accounts she was a beautiful and caring person who was appreciative of nonmaterial things in life and she wrote beautiful poetry as we have discovered here this morning. For the past five years she had been ill with epilepsy and could not drive because of seizures and she walked to take care of her shopping and other errands and needs. After having seen a specialist she had gotten better and had registered to go back to college to obtain a Bachelor's Degree.
The Defendant argues that while the trial court stated for the record it had considered the sentencing guidelines under Article 894.1, the pre-sentence investigation, the victim impact statements, and the letters submitted on behalf of the Defendant by the United States Army personnel, relatives, friends and acquaintances, it failed to state both the considerations and the factual basis taken into account in the sentencing. However, a review of the record indicates otherwise.
The trial court recited facts and statements taken from the pre-sentence investigation report, letters to the trial court regarding the Defendant, and letters from both the Defendant and Mrs. Cullipher. Furthermore, while the trial court did not list every consideration set forth in the guidelines, the sentencing transcript indicates adequate compliance with the guidelines.
The Defendant further argues that considering the mitigating factors, the sentence makes no measurable contribution to acceptable penal goals and is grossly disproportionate to the severity of the crime.
La.R.S. 14:32.1(B) provides:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than twenty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.
The Defendant, a first-time felony offender, was sentenced to fifteen years with one year to be served without benefit of parole. In State v. Blackmon, 748 So.2d 50, this court addressed a similar issue. As he was fleeing from the police because of a traffic violation, the defendant struck the victims' car, killing the husband, seriously injuring the wife, and endangering the couple's unborn child. The defendant's blood alcohol content was determined to be .162 percent. He ultimately pled guilty to vehicular homicide and first offense driving while intoxicated. The defendant, also a first-time felony offender, was sentenced to serve a fifteen-year sentence at hard labor, without benefits.
Blackmon argued that the sentence was excessive because, not only was it the statutory maximum sentence at the time of the offense, it was the harshest reported sentence ever imposed under similar facts. This court affirmed the sentence imposed in Blackmon and noted that the sentence was justified given the circumstances presented in the case. Id. at 53.
*594 Further, while the Defendant's sentence is in the high range of sentencing possibilities, the trial court tempered the Defendant's sentence by imposing only the mandatory one year without benefit of parole and suspending five of the fifteen years and placing the Defendant on probation.
For the reasons discussed above, the Defendant's sentence is not unconstitutionally excessive. The sentence imposed by the trial court is adequately supported by the record, and the sentence is not such that should shock this court's sense of justice. Accordingly, these assignments are without merit.

DECREE
For the above reasons, the sentence of the Defendant is affirmed.
AFFIRMED.