KA08-1358

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

COYS THOMAS, JR.

    Defendant-Appellant

On Appeal from the Thirty-First Judicial District Court, Docket Number CR-830-06, Parish of Jefferson Davis, State of Louisiana, Honorable Craig Steve Gunnell, Judge.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2009.

_____
Judge Oswald A. Decuir

_____
Judge Jimmie C. Peters

_____
Judge Shannon J. Gremillion

STATE OF LOUISIANA

VERSUS

COYS THOMAS, JR.

****************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR830-06
HONORABLE CRAIG STEVE GUNNELL, JUDGE

****************

**SHANNON J. GREMILLION**
**JUDGE**

****************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

**Hon. Michael Cade Cassidy**
**District Attorney - 31st Judicial District Court**
**P.O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Sherry Watters**
**Louisiana Appellate Project**
**P.O. Box 58769**
**New Orleans, LA 70158-8769**
**(504) 723-0284**
**COUNSEL FOR APPELLANT:**
       **Coys Thomas, Jr.**

**Gremillion, Judge.**

On August 28, 2006, Defendant, Coys Thomas, Jr., was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C). Defendant was found guilty at a jury trial on March 25, 2008. On June 30, 2008, Defendant was sentenced to five years at hard labor. Appellate counsel filed an *Anders* brief, stating this matter contains no non-frivolous issues to appeal. Appellate counsel now asks this court to review the record for errors patent and reverse Defendant's conviction and sentence. She also seeks to withdraw as Defendant's counsel. Counsel's motion to withdraw is granted, and Defendant's conviction and sentence are affirmed.

## FACTS:

On June 16, 2006, Defendant was a passenger in a vehicle stopped for a traffic violation. The driver fled on foot when police stopped the vehicle, and Defendant remained inside. Officer Rex Carter believed Defendant was holding a towel when he exited the car; Detective Jerry Cooley believed the towel was hanging from Defendant's left pocket. At any rate, the towel came between Defendant's body and the vehicle when police instructed him to stand against the vehicle, facing it, for a patdown. When Defendant moved, the towel fell. Detective Cooley either picked up the towel or caught it as it fell. An unlabeled medicine bottle fell from the towel; it contained rock-like structures that appeared to be crack cocaine. A patdown of Defendant also revealed a bag of a substance resembling marijuana in Defendant's pocket. Testing verified the substances were marijuana and cocaine.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We find no errors patent here, and

1

accordingly, counsel's request to reverse Defendant's conviction on error patent grounds is denied.

**ANALYSIS:**

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel filed a brief stating she could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument and the transcripts, and has confirmed the statements by counsel. Defendant was properly charged in his bill of information, he was present and represented by counsel at all crucial stages of the proceedings, the jury composition and verdict were correct,

2

Defendant's sentence complies with the statutory sentencing range, and review of the transcripts in the record provide only frivolous issues for appeal.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, (citing *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history, the evidence presented at trial and "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Id.*

Counsel discloses her review of the record in her brief to this court. She notes several challenges for cause were granted during *voir dire*, but the State and Defendant each used only one peremptory challenge. The parties agreed the jury would not take notes. Neither party made any objections during *voir dire*, the judge's initial instructions to the jury, opening statements, closing arguments or jury instructions. Defendant made only one objection during trial, when it appeared the officer testifying would identify the substance found as cocaine prior to the establishment of the substance's composition by the lab report. The court overruled the objection, and the officer's actual testimony was that the substance was "an off

3

white rock-like substance that [they] believed to be cocaine." All of these issues are discussed in counsel's brief.

Additionally, counsel correctly notes Defendant did not file a motion to reconsider his sentence. Ordinarily, the failure to seek reconsideration of a sentence precludes a defendant from raising the issue on appeal. La.Code Crim.P. art. 881.1. However, this court will review a sentence for bare excessiveness in the interest of justice even where no motion for reconsideration is filed. *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201. This case, where Defendant was given the maximum sentence, is one appropriate for a bare excessiveness review.

A bare excessiveness review includes an abuse of discretion determination:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17 (citation omitted). An excessive sentence is a "penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or [one] that . . . makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In considering whether the sentencing court abused its discretion, the reviewing court should consider, "(1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the

4

same court and other courts." *State v. Morain*, 07-1207, pp. 5-6 (La.App. 3 Cir. 4/2/08), 981 So.2d 66, 70.

Under La.R.S. 40:967(C), five years at hard labor is the maximum prison term allowable for simple possession of cocaine. Maximum sentences are usually reserved for the worst kind of offender and the most serious violation of the offense. *State v. Kezerle*, 01-79, p. 2 (La.App. 3 Cir. 6/6/01), 789 So.2d 725, 727, *writ denied*, 01-2011 (La. 6/7/02), 817 So.2d 1143.

The sentencing court issued written reasons for imposing five years at hard labor:

> The Pre-Sentence Investigation indicates that you are twenty-six (26) years of age, born on December 22, 1981. You stated that your father has not been in your life since you were a child and that your mother has been married to your stepfather since you were very young. You also stated that both of your parents were addicted to crack cocaine and that your mother has been clean for approximately ten (10) years. You have one older sibling. You currently reside in Lake Charles, Louisiana, and you married your wife, Kayla Smith Thomas, on February 27, 2008. You have four (4) children together, ranging in ages from six years to six months old, and you also have custody of your son from a previous relationship.
>
> You dropped out of school in the seventh grade and have stated that you have completed GED classes at the Jennings Vo-Tech school. You are currently working for Will Staff at the Port of Lake Charles throwing sacks. However, this is on an as-needed basis. You stated that in the past you have worked at the rice mill in Mermentau, for Century Builders, and for John Henry Clement. You started using drugs when you were thirteen years of age, and you have stated marijuana and promethazine are your drugs of choice.
>
> The Pre-Sentence Investigation states that you do not have a juvenile criminal history. However, you have a lengthy adult criminal history. On May 14, 2001, you pled guilty to possession of cocaine, and you received a deferred sentence, and you were placed on three (3) years of supervised probation. However, on July 14, 2003, the probation was revoked and the original sentence of two (2) years with the Department of Corrections was imposed. On the same date, you also pled guilty to the charge of possession of cocaine, and you received a two (2) year sentence to run concurrent[ly] with your probation revocation. You

5

were paroled on June 18, 2004, but that parole was revoked on March 9, 2005, because you were arrested by the Lake Charles Police Department for Possession of Marijuana with intent to distribute. These charges were later dismissed. You were released on parole for a second time on September 1, 2005, and that parole ended on March 1, 2006. On January 11, 2008, you were arrested by the Calcasieu Parish Sheriff's office for aggravated battery with a dangerous weapon, and you were arraigned on this charge on April 7, 2008.

According to the Pre-Sentence Investigation, on June 16, 2006, you were arrested by the Jennings Police Department for **POSSESSION OF CRACK COCAINE WITH INTENT TO DISTRIBUTE** and **POSSESSION OF MARIJUANA**. The pre-sentence investigation states that Detective George Bowen and Patrolman Rex Carter attempted to stop the vehicle in which you were a passenger for a traffic offense. After the driver of [the] car stopped the vehicle, he fled from the police. You remained in the vehicle. After Patrolman Carter searched you for weapons, he found a small plastic bag containing marijuana in your shorts. A bottle containing thirty-seven (37) rocks of crack cocaine was also found in your possession. At that point, you were arrested. On March 25, 2008, you were found guilty of the charge of **POSSESSION OF COCAINE** by a Jefferson Davis Parish petit jury. I am going to file the Pre-Sentence Investigation into the record for further reference, if necessary. It should be noted, however, that this is your third felony conviction.

In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are twenty-six (26) years of age, also that you have five (5) young children that are currently living with you. This has been taken into consideration in mitigating against imposition of the maximum sentence in this matter. However, the Court can find no other mitigating factors.

Your involvement in criminal activity involving drug offenses demonstrates to this Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of your offense, would not promote respect for the law, and would not provide a just punishment for the crime of which you stand convicted. This Court has an obligation to protect the public from you and will do so by removing you from society. Therefore, the Court sentences you to the Department of Corrections, State of Louisiana, to be imprisoned at hard labor for a period of **five (5) years**. The Court advises you that you have two (2) years from the date this conviction becomes final to apply for any post-conviction relief, and you will receive credit for all time served. The Court is going to order the Pre-Sentence Investigation filed into the record and sealed.

6

Thus, the sentencing court demonstrated that it considered the nature of the offense and the nature and type of offender in determining the length of the penalty imposed.

This court has previously affirmed the maximum five-year sentence for possession of cocaine in a situation where the conviction was the defendant's third felony drug conviction, where the defendant had originally been charged with possession of cocaine with intent to distribute, and where the State had refrained from filing a habitual offender bill against the defendant. *State v. Williams*, 07-490, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, 747.

The fifth circuit has also affirmed a five-year sentence for possession of cocaine in a case where the sentencing court refrained from imposing a fine and where the defendant had a prior criminal history indicating he was a career criminal though he had no prior convictions. *State v. McCorkle*, 97-966, p. 13 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.

Therefore, because the twenty-six-year-old Defendant, who was originally charged with possession with intent to distribute, is a third felony drug offender with additional arrests and a history of probation and parole revocation, the trial court did not abuse its discretion in imposing five years at hard labor.

Accordingly, the motion to withdraw filed by counsel is granted, and Defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

7