NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-309

STATE OF LOUISIANA

VERSUS

GARY L. THIBODEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 114,768
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Michael Harson
District Attorney, 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Plaintiff/Appellee:
State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
Counsel for Defendant/Appellant:
Gary L. Thibodeaux

**GREMILLION, Judge.**

Defendant, Gary L. Thibodeaux, was charged by bill of information with the following:

1. Hit and run driving in an accident resulting in a death, in violation of La.R.S. 14:100(C)(2);

2. Hit and run driving in an accident resulting in serious bodily injury, in violation of La.R.S. 14:100(C)(2);

3. Entering a highway from a private drive and failing to yield, in violation of La.R.S. 32:124;

4. Intimidation of a witness, with intent to influence her testimony, her reporting of criminal conduct, or her appearance at a judicial proceeding, in violation of La.R.S. 14:129.1(A).

Defendant entered a plea agreement with the State wherein he pled guilty to count one, and the State agreed to dismiss the remaining charges. There was no agreement as to sentencing. Defendant was sentenced to a maximum of ten years at hard labor with credit for time served.

At the plea hearing, the State recited the following factual basis:

The State would prove on or about February 20th of the year 2007, he was the driver of a vehicle involved in an accident whereby Michael Carrera was killed. And this happened in the Parish of Lafayette; that he failed to identify himself and to render aid as required by Title 14, Section 100.

As his sole assignment of error, Defendant challenges the excessiveness of his sentence. The Defendant contends that "[t]he near maximum sentence imposed by the trial court in this case was cruel and unusual, and excessive." He further contends that "the trial court erred in failing to fully show how this offense was the most egregious offense and the defendant was the most egregious offender." In support of this contention, Defendant argues that the trial court failed to consider that "the driver of the other car . . . overcompensated at the sudden appearance of the

1

[Defendant's] truck." He also argues that the court incorrectly found evidence that Defendant had been drinking, and the court failed to consider that alcohol was found in the victim's system.

Defendant was convicted of hit-and-run driving, a violation of La.R.S. 14:100(C)(2), which provides, in relevant part:

> Whoever commits the crime of hit-and-run driving, when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred, shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.

Thus, Defendant received the maximum sentence of ten years at hard labor.

When sentencing Defendant, the trial court observed Defendant's remorse as a mitigating factor, but found that "this case calls for the maximum sentence." A sixth felony offender, the trial court considered Defendant's criminal record as an aggravating factor, along with the death of the victim and the impact on the victim's family. Additionally, the trial court observed there was evidence of alcohol consumption and stated, "I think there's evidence that your offense of hit and run was committed in order to facilitate the concealment of another offense, which would be driving while intoxicated or possibly vehicular homicide." Defendant received a significant benefit from his plea bargain in that three other charges were dismissed, and his sentence was not enhanced under the habitual offender law. *See* La.R.S. 15:529.1.

In *State v. Raffray*, 01-88, pp. 2-3 (La.App. 3 Cir. 6/6/01), 787 So.2d 606, 608, this court stated:

> [M]aximum sentences are generally reserved for serious violations of the offense and the worst type of offender. *State v. Blackmon*, 99-391

2

(La.App. 3 Cir. 11/3/99); 748 So.2d 50, *writ denied*, 99-3328 (La. 4/28/00); 760 So.2d 1174. As explained in *Blackmon*, however:

> [A] trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

*Id.* at p. 6-7; 748 So.2d at 53.

In *Raffray*, the defendant was also sentenced to the maximum of ten years at hard labor for hit-and-run driving following an accident. The facts indicate that the defendant failed to stop at a red light and struck a vehicle negotiating a turn at an intersection. In addition to hit and run driving, the defendant was charged with three counts of infliction of serious bodily injury while operating a motor vehicle under the influence of alcohol and one count of negligent infliction of injury. After entering a plea agreement with the State, the remaining charges were dismissed. This court held that the defendant's sentence of ten years was not excessive. There was evidence that alcohol consumption was a factor and the defendant had an extensive criminal record of prior offenses that included multiple convictions for driving while intoxicated and a hit-and-run driving conviction. There was also testimony regarding the substantial impact the accident had on the victims and the serious injuries caused to the victims, which required extensive care and rehabilitation.

In brief, Defendant cites *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7, in which the supreme court upheld a sentence of seven years for hit-and-run driving. The facts reflect that the victim's death was a direct result of the accident caused by the defendant. The trial court considered the defendant's history of prior

3

arrests, including driving while intoxicated, reckless driving, and driving at excessive speeds. Additionally, the defendant expressed no remorse for his actions. *Williams* is distinguishable from the case before this court in that there was no evidence that the defendant in *William*s had been drinking, as his blood alcohol level was not tested. *Id*. at 11, n. 3. Further, the defendant in *Williams* had a history of prior arrests but no convictions, whereas Defendant in this matter has five prior felony convictions.

In light of *Raffray* and the trial court's considerations in fashioning Defendant's sentence, the maximum sentence of ten years at hard labor is not excessive for this sixth felony offender. Further, Defendant received a significant benefit from his plea agreement. Accordingly, Defendant's sentence is affirmed.

**AFFIRMED.**

4